# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2470 | **DATE** | 8/9/2001 |
| **CASE TITLE** | Great West Life & Annuity vs. Weisz Michling Hofmann, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant Weisz' motion to dismiss (7-1) the ERISA claim against it, but deny its motion to dismiss the state claims against it.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 13 2001 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 AUG 13 AM 9: 37 | 8/9/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT-WEST LIFE & ANNUITY INSURANCE )
COMPANY, )
)
)
Plaintiff, )
) Case No. 01 C 2470
v. )
)
WEISZ MICHLING HOFMANN, P.C., )
MITCHELL R. WEISZ, FREMONT COMPENSATION, )
AND GREGORY FISCHER )
)
Defendants. )
)

**DOCKETED**

**AUG 1 3 2001**

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff is the third-party administrator of the Ameriprint Corporation Life, Accident and Health Benefit Plan (the "Plan"), which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. Defendants Weisz Michling Hofmann P.C. and Mitchell R. Weisz (collectively, "Weisz") are a law firm and one of its named partners. Weisz represented defendant and Plan participant Fischer when he had a workers' compensation claim against Ameriprint Corp. and negotiated a settlement of the claim with defendant Fremont Compensation ("Fremont"), Ameriprint Corporation's worker compensation carrier. Prior to this settlement, the Plan had erroneously paid Fischer's workers' compensation claim itself, and now seeks reimbursement of that money.

The Plan is suing Weisz under both federal ERISA law and state law, alleging that Weisz disbursed Fischer's workers' compensation settlement to him despite knowing that the Plan has a first lien on any payment a covered person receives from a third party (here, Fremont) for claims already paid by the Plan. Weisz has moved to dismiss the ERISA claim – arguing that it cannot be liable for an ERISA violation since it is not a party to the Plan – and moves to dismiss the state law claims for

lack of supplemental jurisdiction. For the reasons presented below, we dismiss the plaintiff's ERISA claim against Weisz, but keep the state law claims.

Great-West's ERISA allegations against Weisz stem from 29 U.S.C. 1132(a)(3), which states that a civil action may be brought by any plan participant "to enjoin any act or practice which violates any provision of . . .the terms of the plan". Weisz argues that this section does not specify who may be liable for a violation, and that relevant case law holds that a non-party to a plan cannot be liable for failure to adhere to the plan's subrogation agreement, even if that non-party was aware of the agreement. We agree.

For the purposes of this motion to dismiss, we accept as true plaintiff's allegation that Weisz was aware that its client, Fischer, had received payments for his workers' compensation claim from the Plan, and that he would have to reimburse the Plan from the monies he received from the settlement Weisz negotiated with Fremont. *Shawnee Trail Conservancy v. U.S. Dept. of Agriculture*, 222 F.3d 383, 385 (7th Cir. 2000). However, in a case with similar facts, the Seventh Circuit has held that a non-party to the plan cannot be held liable for a subrogation agreement unless that non-party specifically agrees to be bound by it. *Trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mut. Automobile Ins. Co.*, 17 F.3d 1081 (7th Cir. 1994). In *Central States*, an insurance company paid benefits to its insureds despite knowing that a welfare fund had already paid such benefits and was subrogated to the money paid by the insurer. The Seventh Circuit upheld the dismissal of the case against the insurance company since it was not a party to the plan. *Id.* at 1083-84.

The Plan argues that the holding of *Central States* does not apply here because in this case, it was an attorney, not an insurance company, that ignored the Plan's subrogation rights. It also urges us not to follow the Ninth Circuit, which found no liability for an attorney in these circumstances, *Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Gentner*, 50 F.3d 719 (9th Cir. 1994), and instead concur with a recent case from the Middle District of Tennessee which did find a non-party attorney liable. *Greenwood Mills, Inc. v. Burris*, 130 F.Supp.2d 949 (M.D.TN 2001). The court in

2

*Greenwood Mills* purports to examine the purposes behind ERISA as well as uses Tennessee state law to hold that a law firm is liable for ignoring the subrogation rights of its clients.

We need not delve too deeply into the reasoning of either *Gentner* or *Greenwood Mills*, since we find that there is no appreciable difference between the insurance company in *Central States* and the Weisz law firm here, and plaintiff does not provide us with any reason to treat the law firm differently. Thus, we will follow the holding of the only Seventh Circuit case we have found regarding the issue, and decide that neither the Weisz law firm nor its named partner may be held liable for disbursing settlement funds to Fischer, despite Fischer's subrogation agreement with the Plan. We therefore dismiss the ERISA claim against Weisz. However, we decline to dismiss the state law claims against Weisz at this time. A federal court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy..." 28 U.S.C. §1367. Significantly, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* Since plaintiff's state law claims for tortious interference with contract and conversion against Weisz arise from the same facts giving rise to the Plan's federal claims against Fischer – namely that all three defendants wrongly withheld money rightfully belonging to the Plan, in derogation of the terms of the Plan – we will exert supplemental jurisdiction over the state claims against Weisz. Therefore, we grant Weisz' motion to dismiss the ERISA claim against it, but deny its motion to dismiss the state claims against it. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/9/01