Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2470 | **DATE** | 10/10/2001 |
| **CASE TITLE** | Great West Life vs. Weisz Michling Hofmann, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (16‑1) is granted in part and denied in part. We grant petitioner's motion to dismiss the `ERISA claim but deny the motion to dismiss the breach of contract claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 11 2001 | |
| | Notified counsel by telephone. | | | date docketed | 28 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/10/2001 | |
| | | | | date mailed notice | |
| | courtroom | GL | | | |
| GL | deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT-WEST LIFE & ANNUITY INSURANCE )
COMPANY, )
 )
 )
Plaintiff, )
 )  Case No. 01 C 2470
v. )
 )
WEISZ MICHLING HOFMANN, P.C., )
MITCHELL R. WEISZ, FREMONT COMPENSATION, )   DOCKETED
AND GREGORY FISCHER )
 )   OCT 1 1 2001
Defendants. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff is the third-party administrator of the Ameriprint Corporation Life, Accident and Health Benefit Plan (the "Plan"), which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. Gregory Fischer ("Fischer"), an employee of Ameriprint Corporation, was injured in a work-related accident, and the Plan paid his medical claims. The Plan agreement requires Fischer to reimburse the Plan if he collects any additional money related to his accident. Fischer later settled a workers' compensation claim with Defendant, Fremont Compensation Insurance Company ("Fremont"), the workers' compensation carrier for Ameriprint. The Plan sued Fischer, Fischer's attorney, and Fremont under both federal and state law, seeking recovery of the money the Plan paid for Fischer's medical care. Fremont has moved to dismiss both the federal and state law claims against it. For the reasons presented below, we grant the motion to dismiss the federal claim but deny the motion to dismiss the state claim.

## DISCUSSION

A. Standard of Review

For the purposes of a motion to dismiss, we must accept all allegations as true and construe the complaint in a light most favorable to the plaintiff. *MCM Partners, Inc. v. Andrew-Bartlett & Assocs., Inc.*, 62 F.3d 967, 972 (7th Cir.1995). We may dismiss the complaint only if it appears



beyond doubt that the plaintiff can prove no set of facts to support the allegations in its complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Slaney v. Intern. Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir. 2001).

B. The Federal Claim: ERISA

The Plan brings its federal claim under an ERISA provision which permits the fiduciary of an employee benefits plan to bring a civil action "to enjoin any act or practice which violates . . . the terms of the plan, or to obtain other appropriate equitable relief to redress such violations." 29 U.S.C. § 1132(a)(3). The Plan alleges that Fremont orally agreed to reimburse it for the medical payments the Plan had made to Fischer. Despite this alleged reimbursement agreement, Fremont disbursed the entire workers' compensation settlement to Fischer's attorney, who forwarded it to Fischer. The Plan claims that Fremont's failure to honor its reimbursement agreement is a violation of the terms of the Plan actionable under ERISA. The Plan seeks "equitable relief, including, but not limited to, imposition of a constructive trust and restitution from Fremont." Compl. ¶ 24.

Fremont claims that the Plan's ERISA claim is deficient in two respects. First, Fremont maintains that it was not a party to the Plan agreement and therefore cannot held be liable under ERISA. Second, Fremont argues that the federal claim should be dismissed because the Plan seeks compensatory damages rather than the equitable relief authorized by ERISA. Because the second argument provides sufficient grounds to dismiss the ERISA claim, we need not resolve the more difficult legal issue presented by the first argument.[1]

---

[1] The question presented by Fremont's first argument is whether a third party insurer, by virtue of its oral agreement to reimburse an ERISA plan, becomes a party to the plan agreement. Only a party to a plan agreement can be held liable under ERISA. See Trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mut. Auto. Ins. Co., 17 F.3d 1081, 1084 (7th Cir. 1994) ("Because State Farm was not a party to the agreement between the Fund and its covered individuals, State Farm cannot be bound by that agreement"). Two circuit courts have held that an attorney who signs a reimbursement agreement along with his client is a party to the plan and thus can be held liable under ERISA for violation of the plan agreement. See Southern Council of Industrial Workers v. Ford, 83 F.3d 966 (8th Cir. 1996); Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Gentner, 50 F.3d 719, 721 (9th Cir. 1994) ("a beneficiary's attorney is not bound to the terms of a client's [reimbursement] agreement to which he is not a signatory"). The Seventh Circuit has not addressed this issue, and we decline to address it here.

A fiduciary who brings suit under ERISA's civil enforcement scheme is entitled only to equitable relief. *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 710 (7th Cir. 1999). The Plan claims that it seeks only equitable relief, characterizing its suit as one for constructive trust or restitution. The Seventh Circuit has recognized both constructive trust and restitution as forms of equitable relief available under ERISA. See *Health Cost Controls of Illinois,*, 187 F.3d at 710-11 (constructive trust); UIU *Severance Pay Trust Fund v. Local Union No. 18-U*, 998 F.2d 509, 512 (7th Cir. 1993) (restitution). However, constructive trust and restitution are available only when one party has been unjustly enriched by another. *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (citing Dan B. Dobbs, The *Law of Remedies* § 4.1 (1973)). In this case, Fremont has not been unjustly enriched – Fremont paid the full settlement amount to Fischer, so the only party who may have been unjustly enriched is Fischer. Fremont no longer possesses the money which is allegedly owed to the Plan, so constructive trust or restitution would be entirely inappropriate. The Plan is actually seeking compensatory damages from Fremont for breach of the alleged reimbursement agreement, but this form of relief is not available under ERISA. Since the Plan has failed to state a claim for proper relief under ERISA, we dismiss this portion of the complaint pursuant to Fed.R.Civ.P. 12(b)(6). See *Health Cost Controls v. Skinner*, 44 F.3d at 537 (failure to claim appropriate equitable relief requires dismissal for failure to state a claim rather than for lack of subject matter jurisdiction).

C. The State Law Claim: Breach of Contract

The Plan also charges Fremont with breach of contract, alleging that Fremont agreed to reimburse the Plan for its payment to Fischer but later refused to honor this agreement. Fremont argues that the Plan has failed to state a cause of action for breach of contract and, in the alternative, that the Court should refuse to exercise supplemental jurisdiction over this claim. We decline, however, to dismiss the breach of contract claim against Fremont.

Fremont maintains that the Plan has failed to allege the consideration necessary to state a claim for breach of contract. This argument fails for two reasons. First, under our notice-pleading regime,

a plaintiff is not required to allege facts establishing each element of a claim for relief. *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995); *La Porte County Republican Cent. Comm. v. Bd. of Comm'rs of the County of La Porte*, 43 F.3d 1126, 1129 (7th Cir. 1994). Second, the Plan does in fact allege consideration – the Plan claims that it agreed not to enforce its first lien against Fremont in consideration for Fremont's agreement to reimburse the Plan directly. *See* Compl. ¶ 23. This allegation, if true, constitutes sufficient consideration under Illinois law. *See Doyle v. Holy Cross Hospital*, 186 Ill.2d 104, 112, 708 N.E.2d 1140, 1145 (Ill. 1999) ("Consideration consists of some detriment to the offeror, some benefit to the offeree, or some bargained-for exchange between them.").

Fremont also urges us to decline supplemental jurisdiction over the Plan's state law claim. A federal court has the discretionary authority to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. This provision "encompasses . . . pendent party jurisdiction," *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995), so a district court may exercise jurisdiction over a purely state law claim against one party if there is a federal claim against another party and the state and federal claims derive from a common nucleus of operative fact. *See id.* Since the Plan's state law claim against Fremont arises from the same set of facts giving rise to its federal claim against Fischer, considerations of judicial economy and convenience suggest that we should exercise supplemental jurisdiction over the claim against Fremont. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (courts "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity")). We therefore decline to dismiss the breach of contract claim against Fremont.

## CONCLUSION

For the foregoing reasons, we grant Fremont's motion to dismiss the ERISA claim but deny its motion to dismiss the breach of contract claim. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/10/01