# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2470 | **DATE** | 3/22/2002 |
| **CASE TITLE** | Great West Life vs. Weisz Michling Hofmann, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The motion for reconsideration (37-1) filed by Weisz and his firm is denied. Fremont's motion to joint the motion for reconsideration is denied. Defendants' motion to strike plaintiff's motion for summary judgment is denied. Plaintiff's motion to quash the depositions is granted. Plaintiff's motion for a protective order is denied, and defendants' motions to reopen discovery and to stay briefing on the motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 26 2002 | 48 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 3/22/2002 | |
| | | 02 MAR 25 AM 9:04 | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) WEISZ MICHLING HOFMANN, P.C., ) MITCHELL R. WEISZ, FREMONT COMPENSATION, ) AND GREGORY FISCHER ) ) Defendants. ) | Case No. 01 C 2470 |

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Great-West Life & Annuity Insurance Co. ("Great-West") is the third-party administrator of the Ameriprint Corporation Life, Accident and Health Benefit Plan ("Plan"), which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.* Gregory Fischer, an employee of Ameriprint Corporation ("Ameriprint"), was injured in a work-related accident, and the Plan paid his medical claims. The Plan agreement requires Fischer to reimburse the Plan if he collects any additional money related to his accident. Fischer later settled a workers' compensation claim with Fremont Compensation Insurance Company ("Fremont"), the workers' compensation carrier for Ameriprint. The Plan then sued Fischer, Fremont, Mitchell R. Weisz (Fischer's attorney), and Weisz Michling Hofmann, P.C. (Weisz's law firm), under both federal and state law, seeking recovery of the money the Plan paid for Fischer's medical care. In previous opinions, we dismissed the federal ERISA claims against Fremont, Weisz, and Weisz's firm (collectively, "Defendants"), but retained supplemental jurisdiction over various state law claims against them. *See Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofmann, P.C.*, No. 01-C-2470, 2001 WL 914469 (N.D.Ill. Aug. 13, 2001); *Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofmann, P.C.*, No. 01-C-2470, 2001 WL 1223561 (N.D.Ill. Oct. 11, 2001). Presently before us are a variety of motions by each side.

We begin with the motion to reconsider filed by Weisz and his firm and the motion to join the motion for reconsideration filed by Fremont. Defendants ask us to reconsider our earlier decisions retaining supplemental jurisdiction over state law claims against them. They argue that Plaintiff's failure to effect personal service of process upon Fischer, the only defendant remaining with valid federal claims against him, requires that we dismiss the claims against them. Since this motion for reconsideration was filed more than ten days after the entry of the judgment, the motion must be evaluated under Fed.R.Civ.P. 60(b). *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)"). Rule 60(b) identifies six grounds under which a motion to alter or amend a judgment may be brought.[1] Defendants do not suggest that any of the first five grounds for Rule 60(b) reconsideration apply. Indeed, they are apparently arguing that we reached an incorrect legal conclusion in our earlier opinion. Defendants might claim that the sixth "catch-all" provision provides for relief from errors of law, but a motion seeking the "correction of errors of law ... is not of the type contemplated by Rule 60." *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977). If Defendants believed that our earlier judgment was legally incorrect, they should have filed a Rule 59(e) motion within ten days of entry of the judgment. *See United States Labor Party v. Oremus*, 619 F.2d 683, 687 (7th Cir. 1980) ("Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment and correct errors of law"). They cannot now re-litigate this issue. The motion for reconsideration is therefore denied, and the motion to join the motion for reconsideration is denied as moot.

Defendants have also moved to strike the Plaintiff's motion for summary judgment as untimely.

---

[1] These grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

On October 19, 2001, we ordered the parties to file a pretrial order or any motions for summary judgment by January 11, 2002. However, this status date was reset numerous times: on December 28, 2001, the status date was moved to January 17, 2002; on January 3, 2002, the status date was moved to January 24, 2002; on January 14, 2002, the status date was moved to March 12, 2002; and on February 20, 2002, the status date was moved to March 19, 2002. Plaintiff filed its motion for summary judgment on February 27, 2002, before the amended date by which the joint pretrial order or any dispositive motions were due. Defendants' motion to strike Plaintiff's motion for summary judgment is therefore denied.

Finally, Plaintiff has filed a motion to quash two depositions sought by Defendants and also seeks a protective order relieving it from further discovery requests. Plaintiff rightly notes that discovery in this case closed on March 1, 2002. Defendants, however, sought to depose Heather Murrell and Robert Boettcher after the close of discovery. Defendants claim that they are entitled to these depositions because affidavits attached to the motion for summary judgment which Plaintiff filed on February 27, 2002 contradict responses to interrogatories that Plaintiff earlier submitted. Defendants maintain that Plaintiff identified Murrell as the person at Great-West who allegedly entered the contractual agreement with Fremont, but that Murrell's affidavit now states that she was advised by Boettcher about the agreement with Fremont. Defendants' arguments are unavailing. For whatever reason, Defendants did not see fit to depose Murrell before the end of discovery, so they are not entitled to depose her now. Moreover, the fact that Defendants' learned of Boettcher's role only recently is irrelevant – they did not choose to depose Murrell when they believed that she would be making the key allegations, so we see no reason to allow them to depose Boettcher now that he will be making the key allegations. Plaintiff's motion to quash the depositions is therefore granted. Plaintiff's motion for a protective order is denied. Defendant's motions to reopen discovery and to stay briefing on the motion for summary judgment are denied.

For the foregoing reasons, the motion for reconsideration filed by Weisz and his firm is denied, Fremont's motion to join the motion for reconsideration is denied, Defendants' motion to strike

3

Plaintiff's motion for summary judgment is denied, Plaintiff's motion to quash the depositions is granted, Plaintiff's motion for a protective order is denied, and Defendants' motions to reopen discovery and to stay briefing on the motion for summary judgment are denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 3/22/02