Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2470 | **DATE** | 5/22/2002 |
| **CASE TITLE** | Great West Life & Annuity vs. Weisz Michling, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's motion for summary judgment (35-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAY 2 4 2002** | |
| | Notified counsel by telephone. | | date docketed | 63 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/22/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 2 4 2002

| | |
|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 01 C 2470<br>)<br>) |
| WEISZ MICHLING HOFMANN, P.C., MITCHELL R. WEISZ, FREMONT COMPENSATION, AND GREGORY FISCHER | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On December 16, 1997, Gregory Fischer suffered a work-related injury. As an employee of the Ameriprint Corporation, Fischer had elected to participate in the company's Life, Accident and Health Benefit Plan (the "Plan"), which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* The Plan paid $47,454.11 on Fischer's behalf for medical expenses incurred as a result of the injury. Plaintiff Great-West Life & Annuity Insurance Company ("Great-West") is the third-party administrator of the Plan.

Fremont Compensation is the workers' compensation carrier for Ameriprint. As such, Fremont was responsible for paying the medical expenses for the work-related injuries of Ameriprint employees. In August 1999, Fischer obtained a settlement of $47,641.77[1] from Fremont because of his work-related injuries. Both parties admit that because Fischer obtained this settlement from Fremont, he is required

---

[1] There is some inconsistency in the pleadings as to the exact amount and date of Fischer's settlement. Both parties do seem to agree, however, that the actual number, whatever it was, was greater than $47,454.11 (the amount of his original settlement with the Plan).

1

under the terms of the Plan to repay the Plan (administered by Great-West) in the amount of his original settlement ($47,454.11). It appears, however, that Fischer has failed to pay up and that he has somehow managed to collect double for his 1997 injury. Obviously upset with this state of affairs, Great-West has brought suit against Fischer, Fischer's attorney, and Fremont under both federal and state law, seeking recovery of the money the Plan paid for Fischer's medical care.

In previous opinions, we dismissed the federal ERISA claims against Fischer's law firm and Fremont, but retained supplemental jurisdiction over various state law claims against them. *See Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofmann, P.C.*, No. 01 C 2470, 2001 WL 914469 (N.D.Ill. Aug. 13, 2001); *Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofmann, P.C.*, No. 01 C 2470, 2001 WL 1223561 (N.D.Ill. Oct. 11, 2001); *Great-West Life & Annuity Ins. Co. v. Weisz Michling Hofmann, P.C.*, No. 01 C 2470, 2002 WL 460801 (N.D.Ill. Mar. 22, 2002). Presently before us is Great-West's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The basis for Great-West's motion for summary judgment is the putative existence of an oral contract between Great-West and Fremont agreeing that Fremont would reimburse Great-West for medical expenses the Plan had paid on behalf of Fischer. As consideration for this agreement, Great-West allegedly agreed to not pursue its claim directly against Fremont. Naturally, Fremont's representatives remember a different version of events.

The oral contract was formed, according to Great-West, during a July or August 1999 telephone conversation between Fremont's Robert Christianson and Robert Boettcher, Ameriprint's benefits consultant. During this phone call, according to Boettcher's affidavit, Christianson agreed that Fremont would reimburse Great-West for the medical expenses as soon as they forwarded to Christianson an itemization of these expenses. Christianson, in his affidavit, admits that he received a telephone call

from Boettcher, but expressly denies that he ever agreed to reimburse Great-West for Fischer's medical bills. Both parties do agree, however, that the itemization of claims was provided to Fremont on August 12, 1999.

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Great-West claims that the undisputed evidence establishes that the parties agreed that Fremont would reimburse Great-West for medical expenses the Plan had paid on behalf of Fischer so long as Great-West provided Fremont an itemization of medical expenses establishing the medical expenses paid on behalf of Fischer. Despite Great-West's claim, however, the evidence for the existence of this oral contract *is* disputed. Christianson's affidavit clearly states that he made no agreement to reimburse Great-West for Fischer's medical expenses. As the existence of the oral contract is a disputed issue of material fact, some fact finding on this issue is clearly in order. As such, summary judgment is denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/22/02